Gkeen, J.
delivered the opinion of the court.
This is an action for a libel. The declaration alleges, that the defendant published a certificate of several persons, stating in substance, that two horses had been maliciously killed by some person; that pursuit was made after the perpetrators; that the pursuers went to the house of the plaintiff, and from his answers, looks and conduct, they were convinced that “he was a party concerned, or knowing to that wicked act.” And, also, the certificate of two other persons, who state, that they measured the track of a man, who had been at the place where the horse was killed,, and saw the measure applied, and that “it so fit, and his shoes so featured with the tracks, together with his guilty looks, together with other circumstances connected thereto, convince us that the said J. C. Dunn was guilty of doing, or knowing to be done, the within named crime.”
*513 The defendant pleaded, that the defendant and plaintiff were members of the Red river Baptist church, in Robertson county; that the persons whose names were signed to the above certificates, had told him the facts stated in them, which were believed by him, and that he expressed that belief; that plaintiff accused him before the church, for giving expression to his opinion, and that, to defend himself, he produced said certificates, and exhibited them before said church; and that the publication was made to defend himself, honestly and bonajide, and not maliciously, as the declaration alleges.
To this plea the plaintiff demurred, which was overruled by the court, and the plaintiff appealed to this court.
' Any malicious publication, expressed in printing- or writing, or by pictures, or signs, tending to injure, the character of an individual, or diminish his reputation, is a libel. 2 Leigh’s N. P. 1360.
The fact of the publication of a libellous statement, is prima facie evidence of malice. But a libel may be published in an innocent sense, and upon an occasion that warrants the publication. 1 Chitty’s Pl. 529: 2 Leigh’s N. P. 1363. And this is the case whenever the publication is made bonajide in the discharge of any public or private duty, whether legal or moral, or in the prosecution by the party, of his rights or interests. 2 Leigh’s N. P. 1363.
Upon these principles the question is, did not the occasion of the publication charged in this declaration, as set forth in the defendant’s plea, justify him in making it? We think it did.
He was charged before the church, by a fellow-member, of having expressed a false and slanderous opinion of him. He had a right to defend himself, by showing that he had expressed the opinion upon grounds that would exempt him from the charge of malice against his brother, or of having originated the statement. This could be done only by producing the evidence of the men from whom he had derived this information. That evidence is contained in these certificates, and the plea avers, that they were used bonajide for his defence, and not maliciously as charged.
We think, therefore, the statement contained in the plea, constitutes a good defence to this action.
But it is said, this plea amounts only to the general issue, and is, therefore, bad. It is true, these facts might have been given in evidence, under the general issue, but it does not follow, that they may not be pleaded specially.
*514 Chitty, treating of this subject, says, “But in most of the foregoing instances, the defendant might have pleaded those matters specially, for a defendant should never be compelled to rely alone on the general issue, when he confessed the words, and justified them, or confessed the words, and by special matter, showed they were not actionable.” 1 Chitty’s Pl. 129.
In Leigh’s N. P. 1381, it is laid down, that although evidence, showing that the occasion of publishing the words was such as to furnish a defence to the action, may be given in evidence under the general issue, it may also be specially pleaded, and that this is the safer course.
We think, therefore, that the plea in this case is a good defence, and well pleaded, and that the court below did not err in overruling the plaintiff’s demurrer. Let the judgment be affirmed.